UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: BISTRO DU SOLEIL, LLC | CIVIL ACTION NO.<br>09-cv-0917 (JCH)<br>(BK Case No. 09-50534)<br><br>JANUARY 13, 2010 |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 18)**

On June 10, 2009, appellant Bacchus Management, LLC ("Bacchus") appealed to this court the May 21, 2009 Order of the Bankruptcy Court granting the Motion to Assume Lease made by Appellee Bistro Du Soleil, LLC ("Bistro"). See Notice of Appeal (Doc. No. 1). On October 20, 2009, this court affirmed the bankruptcy court's Order. See Ruling (Doc. No. 16). Bacchus has now filed a Motion for Reconsideration. See Mot. for Reconsideration (Doc. No. 18). For the reasons that follow, the court denies the Motion for Reconsideration.

**I.   STANDARD OF REVIEW**

The standard for a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion should not be granted where the moving party seeks solely to relitigate an issue already decided. See id. Reconsideration is proper, however, if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See id. There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of

1

newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam).

## II.   DISCUSSION[1]

Initially, Bacchus argues that this court erred in "finding that the Landlord (TR Sono) withdrew its objection to the assumption of the lease." See Mot. for Reconsideration at 1. In support of this argument, Bacchus argues that TR Sono "again renewed its objection to the non-monetary default" at a status conference in the bankruptcy court held on October 26, 2009.[2] This court ruled on Bacchus' appeal on October 20, 2009; thus any objections made by TR Sono at a later status conference were not (and could not have been) in evidence before this court when the Ruling was decided. Based on the evidence before this court at the time of its ruling, TR Sono withdrew its objection by stating to the bankruptcy court "any objection we had would not be sustained by the court." See Transcript of Hearing Held on 5/5/09 ("Tr.") (Doc. No. 112), In re: Bistro Du Soleil, LLC, 09-50534, at 18:14-25.

Additionally, reconsideration is only proper for matters "that might

---

[1] The court assumes familiarity with the facts and procedural posture of the case. See Ruling (Doc. 16).

[2] The court notes that it is not entirely clear from the transcript cited by Bacchus that TR Sono is renewing its objections, but for the purposes of this Ruling, the court will assume that TR Sono did so. See Transcript of Hearing Held on 10/26/09, Ex. A to Mot. for Reconsideration, at 14:2-15:9.

reasonably be expected to alter the conclusion reached by the court." See Shrader v. CSX Transp., Inc., 70 F.3d at 257.  This court did not base its Ruling on the fact that TR Sono had (or had not) withdrawn its objection to the Motion to Assume the Lease, nor did it address it in the "Discussion" portion of the Ruling. Thus, any reconsideration of this issue will not alter the conclusion reached by the court, and this ground for reconsideration is denied.

Bacchus's second argument is that it has standing to appeal based on section 1109(b) of title 11 of the United States Code.  See Mot. for Reconsideration at 2-4.  Section 1109(b) reads:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under [Chapter 11 of the bankruptcy code].

See 11 U.S.C. 1109(b).  However, courts, including district courts in this circuit, have held that section 1109(b) does not confer appellate standing.  See, e.g., In re Am. Ready Mix, 14 F.3d 1497, 1502 (10th Cir. 1994); In re Westwood Cmty. Two Ass'n, 293 F.3d 1332, 1337 (11th Cir. 2002); In re Victory Markets, 195 B.R. 9, 15 (N.D.N.Y 1996); In re Salant Corp., 176 B.R. 131, 134-135 (S.D.N.Y. 1994); Advantage Healthplan, Inc. v. Potter, 391 B.R. 521, 541 (D.D.C. 2008). Therefore, this statute does not confer upon Bacchus standing to appeal the ruling of the bankruptcy court, and this ground for reconsideration is denied.

Bacchus next argues that the harm done to it by the bankruptcy court's ruling is redressable, and thus it does have Article III standing.  See Mot. for Reconsideration at 4-7.  Bacchus argues that TR Sono would not evict it from the

premises if the Motion to Assume the Lease were to be denied, but that instead the landlord would negotiate a new lease with Bacchus.  See Mot. for Reconsideration at 6.  According to Bacchus, "TR Sono indicated it preferred a tenant who could spend $800,000 on improvements and pay the rent timely (Bacchus) over the prior tenant who was broke, always late and in default (Bistro).  However, on the advice of their attorneys, TR Sono refuses to negotiate with Bacchus for a new lease until the prior lease with Bistro was terminated or cancelled in some manner."  See id.  Bacchus has provided the court with no support for these statements other than its own brief.  Additionally, this is not "newly discovered evidence" as is required by the standard for a motion for reconsideration.  Presumably, Bacchus was aware of TR Sono's interest in negotiating a new lease at the time of its appeal, but did not present evidence on that to the court at that time.  Therefore, this ground for reconsideration is denied.

      In short, Bacchus has not identified any facts or law that the court overlooked in its initial Ruling, any intervening changes in the law, or other basis upon which the court may grant reconsideration. Accordingly, the court DENIES Bacchus's Motion for Reconsideration (Doc. No. 18).

**SO ORDERED.**

      Dated at Bridgeport, Connecticut this 13th day of January, 2010.

      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge